PAEZ, Circuit Judge,
dissenting:
Although I agree with the court’s conclusions that the ALJ properly discounted Calkins’s subjective complaints and Dr. Kosek’s opinion, and that the ALJ did not fail to consider the reports by Drs. Eder and Westfall, I respectfully dissent because I believe that the ALJ improperly discounted Dr. Shellman’s medical opinion.
In Ryan v. Commissioner of Social Security, we held that an ALJ’s own doubts about a claimant’s credibility do not justify rejecting an examining physician’s opinion that is based in part on the claimant’s subjective complaints “where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations.” 528 F.3d 1194, 1199-1200 (9th Cir.2008). Because the medical opinion that the court required the agency to credit in Ryan is materially indistinguishable from Dr. Shellman’s report here, I believe Ryan requires that we remand this case to the agency for further proceedings.
Like the examining psychiatrist in Ryan, Dr. Shellman expressed no doubts about Calkins’s credibility. Id. at 1200. Moreover, Dr. Shellman supported his ultimate opinions with his own independent clinical observations to the same extent as the doctor in Ryan. Whereas the examining physician in Ryan commented on the claimant’s “rapid speech,” id. at 1199, Dr. Shellman noted that Calkins’s speech was “very soft and retarded in pace.” Whereas the physician in Ryan noted that the claimant was “easily agitated and appears to be very angry,” id., Dr. Shellman recorded Calkins’s “quite depressed” mood. Whereas the physician in Ryan reported that the claimant’s affect was “anxious, distraught, nervous, shaky, and edgy,” id., Dr. Shellman reported that Calkins’s “affect was flat,” that she would “break into tears,” and that “[tjhroughout the evaluation, questions had to be repeated several times.” Whereas the physician in Ryan commented on the claimant’s “odd” behavior and mannerisms, id., Dr. Shellman commented that Calkins’s “presentation and demeanor were consistent with her allegations and the records reviewed.” In light of these similarities, I see no basis to treat Dr. Shellman’s opinion differently from the psychiatrist’s opinion that we required the agency to credit in Ryan.
Contrary to the majority’s assertion, Ryan is not distinguishable on the ground that the ALJ in that case may not have pointed to substantial objective evidence of *617 that claimant’s lack of credibility. Ryan did not base its holding in any way on a lack of substantial evidence supporting the ALJ’s adverse credibility determination. Indeed, if the sufficiency of the ALJ’s basis for discrediting the claimant’s complaints mattered, we could not have granted relief without first determining that the ALJ erred in discrediting the claimant’s subjective complaints. But we did not. The fact that Ryan neither assesses the ALJ’s reasons for discrediting the claimant’s subjective reporting nor states that the ALJ failed to provide any such reasons demonstrates that this evidence was utterly irrelevant to our determination. Thus, the fairest reading of Ryan is that an ALJ’s own doubt about a claimant’s credibility, whether■ supported by substantial evidence or not, cannot constitute a “clear and convincing” or “specific and legitimate” reason to discount an examining physician’s opinion where the physician expresses no doubt about the claimant’s complaints and supports his conclusions with his own observations. See id. at 1199-1200. The majority does not even attempt to challenge this understanding of Ryan, but rather simply ignores it in its mission to distinguish this clearly controlling authority.
Indeed, the majority makes little effort to distinguish Ryan, and its reasoning reflects little more than a disagreement with Ryan’s holding that doubts about a claimant’s credibility do not justify rejecting an examining physician’s opinion “where the doctor does not discredit [the claimant’s] complaints and supports his ultimate opinion with his own observations.” Ryan, 528 F.3d at 1199-1200. But disagreement with that holding does not give us license to disregard it.
First, the majority reveals its disagreement with Ryan by seeking to expand Bray’s rationale in a way that Ryan forecloses. In Bray, we held that the ALJ properly discounted a physician’s opinion where the opinion apparently was based only on the claimant’s subjective reporting, which the ALJ had properly discounted. See Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir.2009) (explaining that the “ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings” before affirming the ALJ’s decision to discredit a physician’s note prescribing “work restrictions [that] were based on [the claimant’s] subjective characterization of her symptoms” (internal quotations and citation omitted)). Contrary to the majority’s suggestion, it does not follow from Bray’s rationale that an ALJ’s supported adverse credibility determination can likewise justify discounting a physician’s opinion that is in part based on the physician’s own clinical observations, rather than solely on the claimant’s self-reporting. Ryan forecloses such a holding, and for good reason: doubts about a claimant’s credibility, no matter how well supported, cannot taint a physician’s own clinical observations, and the ALJ must therefore provide “specific and legitimate” or “clear and convincing” reasons to discredit the physician’s observations, and the resulting diagnosis.
Second, the majority criticizes the “problematic result[s]” that will follow from “the dissent’s view of Ryan.” Maj. Memo, at 5. But I do not offer a novel view of Ryan, but rather simply propose applying its unequivocally stated rule: “an ALJ does not provide clear and convincing reasons for rejecting an examining physician’s opinion by questioning the credibility of the patient’s complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations.” Ryan, 528 F.3d at 1199-1200. Because Dr. Shellman supported his ultimate opinion with his own observa *618 tions to the same extent as the doctor in Ryan, I believe we are bound to follow Ryan here. Thus, it is that controlling authority that dictates the results that the majority finds “problematic.” Further, I do not find it particularly “problematic” to prohibit an ALJ from discrediting a physician’s independent clinical findings without providing independent reasons for doing so.
Following Ryan, I would conclude that the ALJ erred in discounting Dr. Shell-man’s expert opinion and accordingly reverse in part and remand for further consideration at steps 4 and 5 of the sequential disability analysis.